IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE HILL, | : |
|         Petitioner | : |
| v. | :   14-CV-7399 |
| | : |
| KEITH KAUFFMAN, SUPERINTENDENT, | : |
|         Respondent. | : |

MEMORANDUM

Petitioner filed an "Independent Action for Relief From Judgment and Brief in Support Under Fed.R.Civ.P. 60(d)(3)." Therein he seeks relief from an unidentified judgment of this court. Petitioner claims that fraud was committed upon the "habeas court" and concludes that the his entitled to the requested relief.

Petitioner filed three petitions for *habeas corpus* relief in this court in Civil Action numbers 94-CV-5154, 00-CV-2101, and 01-CV-5142, respectively. The petition filed in Civil Action number 94-CV-5154 was dismissed without prejudice on September 16, 1994. That petition was dismissed without prejudice to Petitioner therefore he in unable to obtain relief from the judgment. Similarly, the petition filed in Civil Action number 00-CV-2101 was dismissed without prejudice on March 26, 2001, because Petitioner did not exhaust his administrative remedies. Petitioner filed another petition which included unexhausted claims in Civil Action number 01-CV-5142 on October 11, 2001. The court allowed him to amend his petition to include one exhausted claim. The petition was subsequently considered, denied, and dismissed on October 16, 2002.

Petitioner argues that both the trial and *habeas* corpus courts were defrauded because various Philadelphia Assistant District Attorneys knowingly presented false evidence and testimony to the court. Petitioner claims that he is entitled to relief pursuant to Fed.R.Civ.P 60 (d)(3). However, Rule 60(d)(3) is not an affirmative grant of power; it merely provides that the grounds set forth elsewhere in Rule 60 for reconsideration of judgments or orders do not limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or

proceeding," Fed.R.Civ.P. 60(d)(1), or "set aside a judgment for fraud on the court," *id.* 60(d)(3). In 2005, the United States Court of Appeals for the Third Circuit explained the standard to be applied to a motion to set aside judgment pursuant to Rule 60(d)(3) as follows:

> Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept. The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment. The presumption against the reopening of a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff-face to scale.
>
> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir.2005)(internal citations omitted). "Thus fraud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge." *United States v. Pelullo*, 2011 U.S. Dist. LEXIS 80154, *51 (D.N.J.2011) (citing *Herring*, 424 F.3d at 386). Petitioner's allegations of alleged fraud committed by Philadelphia Assistant District Attorneys do not satisfy the level of egregiousness required by *Herring*. Moreover, Petitioner's Rule 60(d) claims are untimely. Petitioner's fraud allegations are properly construed pursuant to Rule 60(b)(3) and had to be raised within one year of Petitioner's discovery of the allegedly fraudulent conduct. See *Gagliardi v. Courter*, 2011 U.S. Dist. LEXIS 16943 at *6–7,2011 WL 710221 (explaining that fraud on the court under Rule 60(d)(3) is reserved for egregious conduct and is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations). Therefore, the instant motion is untimely and will be denied.

2